IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GLOBAL ONE FINANCIAL, A DIVISION OF SYNOVUS BANK, | * * * |
| Plaintiff, | * * |
| v. | * CASE NO. 4:23-cv-00164-CDL * |
| EQUITABLE HOLDINGS, INC. d/b/a EQUITABLE FINANCIAL LIFE INSURANCE COMPANY; DINESH H. PATEL, in his capacity as Trustee of the SADHANA PATEL IRREVOCABLE TRUST; DINESH H. PATEL, individually; SADHANA D. PATEL, in her capacity as Trustee of the DINESH PATEL IRREVOCABLE TRUST; and SADHANA D. PATEL, individually, | * * * * * * * * * * * |
| Defendants. | * |

**FIRST AMENDED COMPLAINT[1]**

Global One Financial, a division of Synovus Bank ("*Global One*"), files this First Amended Complaint against Equitable Holdings, Inc. d/b/a Equitable Financial Life Insurance Company ("*Equitable*"), Dinesh H. Patel, in his capacity as Trustee of the Sadhana Patel Irrevocable Trust ("*Sadhana Trust*"), Dinesh H. Patel ("*Mr. Patel*"), individually, Sadhana D. Patel, in her capacity as Trustee of the Dinesh Patel Irrevocable Trust ("*Dinesh Trust,*" and together with the Sadhana Trust, "*Trusts*"), and Sadhana D. Patel ("*Ms. Patel,*" and together with Mr. Patel, "*Patels*"), individually, and pleads as follows:

---

[1] This First Amended Complaint replaces Plaintiff's original Complaint, ECF NO. 1-2, in its entirety.

## SUMMARY OF THE ACTION

1.      Global One is a specialty, asset-based lending division of Synovus Bank that collateralizes loans with life insurance and annuity products. Global One routinely provides commercial loans to businesses or trusts to fund the purchase of annuity and life insurance products. These loans are then secured by, among other assets, security interests in and collateral assignments of the purchased policies and annuity contracts. This fact pattern generally summarizes Global One's relationship with Defendants.

2.      Global One made separate loans to the Trusts. The loan proceeds were used to purchase two life insurance policies issued by Equitable for the benefit of the Trusts and their respective beneficiaries. Pursuant to the loans, Global One paid the loan proceeds directly to Equitable on behalf of the Trusts to fund the premiums on the policies. To secure repayment and performance of the Trusts' obligations, the loans also provide that the Trusts granted and Global One acquired a first priority security interest in, among other things, the policies and all proceeds related thereto. To effectuate the perfection of these security interests, the Trusts, as the owners of the policies, executed collateral assignments for the benefit of Global One. Equitable acknowledged receipt of and recorded these collateral assignments, thereby creating a contractual relationship between the parties thereto, including Equitable.

3.      The Dinesh Trust later defaulted on its loan, and Global One surrendered the Dinesh Trust's policy to Equitable pursuant to the acknowledged and recorded collateral assignment. After processing the surrender, however, Equitable did not pay the appropriate amount of funds to which Global One is entitled under the collateral assignment. After attempting to resolve this matter without litigation, Global One was forced to commence this action to recover these funds.

**PARTIES, JURISDICTION & VENUE**

4. Global One is a division of Synovus Bank, a state-chartered bank organized under the laws of the State of Georgia, and Synovus Bank's principal place of business is located at 1111 Bay Avenue, Columbus, Georgia, 31901.

5. Equitable is a corporation formed according to the laws of the state of Delaware.

6. The Sadhana Trust is a trust formed according to the laws of the state of New Jersy, with Mr. Patel serving as trustee. Mr. Patel may be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

7. Ms. Patel is the personal guarantor of the Sadhana Trust Note (as hereinafter defined) to the extent set forth in the guaranty described herein.

8. Upon information and belief, Ms. Patel is a resident of the state of New Jersey and may be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

9. The Dinesh Trust is a trust formed according to the laws of the state of New Jersey, with Ms. Patel serving as trustee. Ms. Patel, in her capacity as trustee, may also be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

10. Mr. Patel is the personal guarantor of the Dinesh Trust Note (as hereinafter defined) to the extent set forth in the guaranty described herein.

11. Upon information and belief, Mr. Patel is a resident of the state of New Jersey and may also be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

12. This Court has personal jurisdiction over Defendants and venue is proper in this Court because Defendants are subject to the personal jurisdiction of this Court under the provisions of the Georgia "Long Arm" Statute as set forth in O.C.G.A. § 9-10-91 because Defendants

conducted business in Georgia with a Georgia entity in connection with the Loan Documents (as hereinafter defined).

14. This Court also has personal jurisdiction over the Sadhana Trust and the Dinesh Trust and the Patels, individually, and venue is proper in this Court because they have contractually submitted to the jurisdiction and venue of this Court in accordance with Paragraph 10(b) of the Sadhana Note and the Dinesh Note (as hereinafter defined) and the Sadhana Guaranty and the Dinesh Guaranty (as hereinafter defined).

14. This Court has original jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

## GENERAL ALLEGATIONS

### A. The Sadhana Trust Loan

15. On December 18, 2020, Global One and the Sadhana Trust entered into a Promissory Note and Security Agreement ("***Sadhana Trust Note***") pursuant to which Global One loaned $3,500,000.00 to the Sadhana Trust to fund the Sadhana Trust's acquisition of a life insurance policy ("***Sadhana Trust Policy***") underwritten and issued by Equitable.

16. The face amount of the Sadhana Trust Policy is $8 million.

17. To secure repayment and performance of the Sadhana Trust's obligations under the Sadhana Trust Note, §§ 1(a) and 4(a), in conjunction with other sections, of the Sadhana Trust Note provide that the Sadhana Trust granted and Global One acquired a first priority security interest in, among other things, the Sadhana Trust Policy and all proceeds related thereto.

18. On February 25, 2021, the Sadhana Trust Note was amended ("***Amendment No. 1***") to increase the loan amount to $3,523,342.00.

4

19. Pursuant to the Sadhana Trust Note, as amended, on March 1, 2021, the Sadhana Trust, executed an Assignment of Life Insurance Policy as Collateral ("***Sadhana Trust Collateral Assignment***") on a form prepared and approved by Equitable for the benefit of Global One.

20. On December 21, 2020, Ms. Patel executed a Guaranty with respect to the Sadhana Trust Note ("***Sadhana Trust Guaranty***"), whereby as a material inducement for Global One to enter into the Sadhana Trust Note, Ms. Patel agreed to personally guarantee all obligations under the Sadhana Trust Note, including any fees and expenses related thereto.

21. Section 7(a) of the Sadhana Trust Note provides:

A "Default" shall exist if any of the following occurs … (a) Failure of the Borrower to make any payment or any amount payable when due, whether constituting principal or interest or other amount, on any of the Liabilities, whether at maturity, or at a date fixed for any payment or partial prepayment, or by acceleration, or otherwise.

22. The Sadhana Trust Note, Amendment No. 1, the Sadhana Trust Collateral Assignment, the Sadhana Trust Guaranty and other related documentation, are collectively referred to herein as the "***Sadhana Trust Loan Documents***".

23. True and correct copies of the Sadhana Trust Loan Documents are attached hereto as **Exhibit A** and are incorporated herein by reference.

24. As confirmed by the Life Insurance Assignment Confirmation (**"*Sadhana Trust Assignment Confirmation*"**) attached hereto as **Exhibit B**, the Sadhana Trust Collateral Assignment was acknowledged, recorded and filed by Equitable on March 12, 2021.

25. The Sadhana Trust Policy is a premium financed policy, and pursuant to the Sadhana Trust Loan Documents, Global One has and continues to advance the premium payments directly to Equitable.

26. The Sadhana Trust has never paid any of the premiums on the Sadhana Trust Policy because those amounts are directly funded by Global One.

B. **The Dinesh Trust Loan**

27. On February 25, 2021, Global One and the Dinesh Trust entered into a Promissory Note and Security Agreement ("***Dinesh Trust Note***") pursuant to which Global One loaned $2,508,519.00 to the Dinesh Trust to fund the Dinesh Trust's acquisition of a life insurance policy ("***Dinesh Trust Policy***") underwritten and issued by Equitable.

28. The face amount of the Dinesh Trust Policy is $4 million.

29. To secure repayment and performance of the Dinesh Trust's obligations under the Dinesh Trust Note, §§ 1(a) and 4(a), in conjunction with other sections, of the Dinesh Trust Note provide that the Dinesh Trust granted and Global One acquired a first priority security interest in, among other things, the Dinesh Trust Policy and all proceeds related thereto.

30. Pursuant to the Dinesh Trust Note, on March 1, 2021, the Dinesh Trust, as the owner of the Dinesh Trust Policy, executed an Assignment of Life Insurance Policy as Collateral ("***Dinesh Trust Collateral Assignment,***" and together with the Sadhana Trust Collateral Assignment, "***Collateral Assignments***") on a form prepared and approved by Equitable for the benefit of Global One.

31. On March 1, 2021, Mr. Patel executed a Guaranty with respect to the Dinesh Trust Note ("***Dinesh Trust Guaranty,***" and together with the Sadhana Guaranty, "***Guaranties***"), whereby as a material inducement for Global One to enter into the Dinesh Trust Note, Mr. Patel agreed to personally guarantee all obligations under the Dinesh Trust Note, including any fees and expenses related thereto.

32. Section 7(a) of the Dinesh Trust Note provides:

> A "Default" shall exist if any of the following occurs … (a) Failure of the Borrower to make any payment or any amount payable when due, whether constituting principal or interest or other amount, on any of the Liabilities, whether at maturity, or at a date fixed for any payment or partial prepayment, or by acceleration, or otherwise.

33. The Dinesh Trust Note, the Dinesh Trust Collateral Assignment, the Dinesh Trust Guaranty and other related documentation are collectively referred to herein as the "***Dinesh Trust Loan Documents***".

34. True and correct copies of the Dinesh Trust Loan Documents are attached hereto as **Exhibit C** and are incorporated herein by reference.

35. As confirmed by the Life Insurance Assignment Confirmation ("***Dinesh Trust Assignment Confirmation***," and together with the Sadhana Trust Assignment Confirmation, "***Assignment Confirmations***") attached hereto as **Exhibit D**, the Dinesh Trust Collateral Assignment was acknowledged, recorded and filed by Equitable on March 17, 2021.

36. The Dinesh Trust Policy is a premium financed policy, and pursuant to the Dinesh Trust Loan Documents, Global One has and continues to advance the premium payments directly to Equitable.

37. The Dinesh Trust has never paid any of the premiums on the Dinesh Trust Policy because those amounts are directly funded by Global One.

    C.    **The Dinesh Trust Default And Surrender**

38. In November 2022 and January 2023, the Dinesh Trust defaulted on its loan with Global One by failing to deliver required interest payments and collateral to Global One.

39. As a result, on February 8, 2023, Global One surrendered the Dinesh Trust Policy to Equitable pursuant to the Dinesh Trust Collateral Assignment and the Dinesh Trust Assignment Confirmation.

40. After processing the surrender, however, Global One learned that Equitable did not pay the appropriate amount to which Lender is entitled under the Dinesh Trust Policy, the Dinesh Trust Note, the Dinesh Trust Collateral Assignment and the Dinesh Trust Assignment Confirmation. Global One received $141,268.59, but should have received an additional $69,379.23. Global One then learned that Equitable had improperly remitted the $69,379.23 to the Dinesh Trust and that Equitable had separately and improperly remitted an additional $93,357.46 to the Sadhana Trust. The improperly remitted funds ("***Outstanding Amount***") totaled $162,736.70, all of which should have been paid to Global One, ***not the Trusts***, pursuant to the Dinesh Trust Loan Documents, the Sadhana Trust Loan Documents and the Assignment Confirmations.

41. Equitable claims Global One is not entitled to the Outstanding Amount because Equitable has already refunded it via a $69,379.23 payment to the Dinesh Trust and a separate $93,357.46 payment to the Sadhana Trust.

42. Despite the fact that Global One, not the Trusts, paid all the premiums on the Sadhana Trust Policy and the Dinesh Trust Policy, Equitable wrongfully claims that the $69,379.23 and the $93,357.46 payments were appropriately sent to the Trusts as unaccepted premium payments.

43. Equitable did not provide Global One with any notice of the allegedly unaccepted premium payments before the payments were made to the Trusts. Global One learned of the payments only after the surrender and when it contacted Equitable about the Outstanding Amount.

44. Global One has demanded that Equitable, the Trusts and the Patels return the amounts paid to the Trusts by paying Global One the Outstanding Amount.

45. Equitable, the Trusts and the Patels have not returned the funds or paid the Outstanding Amount.

## COUNT I – BREACH OF CONTRACT AGAINST EQUITABLE

46. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

47. The Collateral Assignments together with the Assignment Confirmations recorded and acknowledged by Equitable constitute valid, binding and enforceable contracts between Global One and Equitable.

48. The Collateral Assignments are, in fact, Equitable's form documents, which Equitable has executed by premium finance lenders and borrowers for all or substantially all premium financed contracts.

49. In accordance with the Collateral Assignments, Global One has a security interest in and lien on "all claims, options, privileges, rights, titled and interest" under the Sadhana Trust Policy and the Dinesh Trust Policy, including "without detracting from the generality of the foregoing," the "sole right to collect and receive all distributions" from the policies and the "sole right to surrender" the policies and "receive the surrender value thereof."

50. The Collateral Assignments also provide that "[c]hecks for all or any part of the sums payable" under the Sadhana Trust Policy and the Dinesh Trust Policy "shall be drawn to the exclusive order of" Global One.

51. The Collateral Assignments also establish the order of priority – or waterfall of payment – by requiring that "any balance of sums received hereunder from the insurer remaining after payment of then existing Liabilities, matured or unmatured, shall be by the Assignee to the

9

persons entitled thereto under the terms" of the Sadhana Trust Policy and the Dinesh Trust Policy "had this assignment not been executed."

52. In accordance with the Collateral Assignments, until Global One is paid in full, which it has not been, no monies should be or have been paid to the Trusts.

53. The rights reserved for the Trusts in the Collateral Assignments do not include a right to receive monies from the policies or premiums paid by Global One.

54. In accordance with the Collateral Assignments, Global One should have received notice from Equitable of the allegedly unaccepted premium payments and before the payments were made to the Trusts.

55. Equitable has breached the terms of the Collateral Assignments and Global One has suffered damages in excess of the Outstanding Amount.

### COUNT II – BREACH OF CONTRACT AGAINST THE TRUSTS

56. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

57. The Sadhana Trust Note and the Dinesh Trust Note together with the Collateral Assignments constitute valid, binding and enforceable contracts between Global One and are contracts supported by valid consideration.

58. The Trusts duly executed the Sadhana Trust Note, the Dinesh Trust Note, the Collateral Assignments and the related loan documents.

59. The Trusts are parties to the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments and owe certain enumerated contractual duties to Global One.

60. In accordance with the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments, Global One has a security interest in and lien on "all claims, options,

privileges, rights, titled and interest" under the Sadhana Trust Policy and the Dinesh Trust Policy, including "without detracting from the generality of the foregoing," the "sole right to collect and receive all distributions" from the policies and the "sole right to surrender" the policies and "receive the surrender value thereof."

61. The Collateral Assignments also provide that "[c]hecks for all or any part of the sums payable" under the Sadhana Trust Policy and the Dinesh Trust Policy "shall be drawn to the exclusive order of" Global One.

62. The Collateral Assignments also establish the order of priority – or waterfall of payment – by requiring that "any balance of sums received hereunder from the insurer remaining after payment of then existing Liabilities, matured or unmatured, shall be by the Assignee to the persons entitled thereto under the terms" of the Sadhana Trust Policy and the Dinesh Trust Policy "had this assignment not been executed."

63. In accordance with the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments, until Global One is paid in full, which it has not been, no monies should be or have been paid to the Trusts.

64. The rights reserved for the Trusts in the Collateral Assignments do not include a right to receive monies from the policies or premiums paid by Global One.

65. The Trusts have breached the terms of the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments and Global One has suffered damages in excess of the Outstanding Amount.

### COUNT III – THE PATELS BREACH OF CONTRACT UNDER THE GUARANTIES

66. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

11

67. The Guaranties are contracts supported by valid consideration.

68. The Patels duly executed the Guaranties.

69. The Patels are parties to the Guaranties and owe certain enumerated contractual duties to Global One under the Guaranties, including the duty to pay any and all amounts owing under or related to the Sadhana Trust Note and the Dinesh Trust Note, including the respective portions of the Outstanding Amount received by the Sadhana Trust and the Dinesh Trust (such amounts, the "***Guaranteed Obligations***"), irrespective of whether Global One attempts to collect any of the Guaranteed Obligations from Equitable or the Sadhana Trust or the Dinesh Trust first.

70. The Patels are personally liable to Global One for the Guaranteed Obligations.

71. To date, the Patels have made no effort to satisfy the outstanding Guaranteed Obligations pursuant to the Guaranties.

72. The Patels are personally liable for the full amount of the Guaranteed Obligations.

### COUNT IV – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

73. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

74. Equitable has wrongfully disputed, among other things: (a) that it is even bound by the Collateral Assignments, which are its form documents; (b) the validity of the Collateral Assignments; (c) Global One's security interests in the Sadhana Trust Policy and the Dinesh Trust Policy; (d) the order of priority of payments under the Sadhana Trust Policy and the Dinesh Trust Policy; (e) Global One's entitlement to the Dinesh Trust Policy surrender proceeds; and (f) Global One's entitlement to be refunded for unaccepted, excess or otherwise unapplied premium payments.

75. Equitable has engaged in anticipatory repudiation of the Collateral Assignments and other collateral assignments between it and Global One related to other borrowers.

76. The Trusts and the Patels have not returned the funds improperly paid to the Trusts or paid the Outstanding Amount despite Global One's demands.

77. Thus, an actual, legal controversy has arisen between Defendants and Global One relating to the above.

78. This bona fide controversy necessitates a determination by this Court concerning this dispute to protect Global One rights and entitlements in the Collateral Assignments and the Sadhana Trust Note and the Dinesh Trust Note.

79. Global One seeks a declaration that the Collateral Assignments and the Sadhana Trust Note and the Dinesh Trust Note establish that Global One has a first priority security interest in unaccepted, excess or otherwise unapplied premium payments and that it is entitled to be refunded directly for these premium payments whenever they exist.

80. Without a declaration of its rights under Global One's collateral assignments with Equitable, Global One is at material risk of loss on all premium financed contracts with Equitable.

## COUNT V – CONVERSION AGAINST ALL DEFENDANTS

81. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

82. Pursuant to the Sadhana Trust Note, the Dinesh Trust Note, the Collateral Assignments and the Assignment Confirmations, Global One has a valid security interest in and is entitled to the funds that were possessed by Equitable and wrongfully paid by Equitable to the Trusts.

83. Global One has demanded that Defendants return the funds.

84. Defendants have refused to return the funds.

85. Equitable and the Trusts converted the funds, the Patels are also liable therefor in accordance with the Guaranties, and Global One has suffered damages in excess of the Outstanding Amount.

### COUNT VI – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

86. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

87. Through its actions, Defendants have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

88. Global One is entitled to punitive damages.

### COUNT VII – ATTORNEYS' FEES AND COSTS PURSUANT TO O.C.G.A. § 13-6-11 AGAINST ALL DEFENDANTS

89. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

90. Defendants have acted in bad faith, have caused Global One the unnecessary trouble and expense of filing this lawsuit and have been stubbornly litigious within the meaning of O.C.G.A. § 13-6-11.

91. Defendants liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees and costs.

### COUNT VIII – RECOVERY OF ATTORNEYS' FEES FROM THE TRUSTS

92. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

93. The Sadhana Trust Loan Documents and the Dinesh Trust Loan Documents provide that Global One is entitled to recover the costs and expenses of litigation thereunder, including, without limitation, reasonable attorneys' fees.

94. Through a letter sent to the Trusts by Global One on November 3, 2023 demanding the return of the funds improperly paid to the Trusts by Equitable, the Trusts were provided adequate notice pursuant to O.C.G.A. § 13-1-11 for Global One to recover its reasonable attorneys' fees.

95. The Trusts did not remit payment within ten days or at any time thereafter, which, pursuant to O.C.G.A. § 13-1-11, entitles Global One to its reasonable attorneys' fees.

96. The Trusts are liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees.

### COUNT IX – RECOVERY OF ATTORNEYS' FEES FROM THE PATELS

97. Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

98. The Guaranties provides that Global One is entitled to recover the costs and expenses of litigation thereunder, including, without limitation, reasonable attorneys' fees.

99. Through a letter sent to the Patels by Global One on November 3, 2023 demanding the return of the funds improperly paid to the Trusts by Equitable, the Patels were provided adequate notice pursuant to O.C.G.A. § 13-1-11 for Global One to recover its reasonable attorneys' fees.

100. The Patels did not remit payment within ten days or at any time thereafter, which, pursuant to O.C.G.A. § 13-1-11, entitles Global One to its reasonable attorneys' fees.

101. The Patels are liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees.

### RESERVATION OF RIGHTS

102. Global One reserves all rights under the Sadhana Trust Loan Documents, the Dinesh Trust Loan Documents and the other contracts and documents referred to herein to pursue any other remedies provided thereunder and to amend or supplement its pleadings in this action as new information becomes available.

### PRAYER FOR RELIEF

**WHEREFORE**, Global One respectfully requests that judgment be entered in favor of Global One and against Defendants, and granting Global One the following relief:

A. an award of damages against Defendants, jointly and severally, of at least the Outstanding Amount, plus interest;

B. a declaration that the Collateral Assignments and the Sadhana Trust Note and the Dinesh Trust Note establish that Global One has a first priority security interest in unaccepted, excess or otherwise unapplied premium payments and that it is entitled to be refunded directly for these premium payments whenever they exist;

C. an award of punitive damages;

D. an award of attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be later determined;

E. an award of attorneys' fees and costs pursuant to the Sadhana Trust Loan Documents and the Dinesh Trust Loan Documents in an amount to be later determined; and

F.      such other and further relief as the Court deems just and proper.

This the 14th day of November, 2023.

**PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.**

*/s/ Thomas F. Gristina*
Thomas F. Gristina
Ga. Bar No. 452454
Alan G. Snipes
Ga. Bar No. 665781
Alex M. Shalishali
Ga. Bar No. 386182
Jack P. Schley
Ga. Bar No. 891829

1111 Bay Avenue, Third Floor
P.O. Box 1199
Columbus, GA 31902
Telephone: (706) 324-0251
Facsimile: (706) 323-7519
tgristina@pagescrantom.com
asnipes@pagescrantom.com
ashalishali@pagescrantom.com
jschley@pagescrantom.com

*Attorneys for Global One Financial,
a Division of Synovus Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court for the United States District Court for the Middle District of Georgia using the CM/ECF system, which will send notification of such filing to counsel of record for all parties in this case.

This 14th day of November, 2023.

/s/ Thomas F. Gristina
Counsel for Plaintiff