```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

GLOBAL ONE FINANCIAL,             *

     Plaintiff,                   *

vs.                               *
                                        CASE NO. 4:23-CV-164 (CDL)
EQUITABLE HOLDINGS, INC., et      *
al.,
                                  *
     Defendants.
                                  *
```

O R D E R

Global One Financial is a division of Synovus Bank. It made loans to two trusts to fund the purchase of life insurance policies issued by Equitable Holdings, Inc. for the benefit of the trusts and their beneficiaries. Global One claims that it had a first-priority security interest in the policies and all proceeds related to them. When one of the trusts defaulted on its loan, Global One surrendered that trust's policy to Equitable. Global One asserts that although Equitable paid some funds to it following the surrender, Equitable improperly remitted payments to the trusts that it should have sent to Global One. Global One brought this action against Equitable and the trusts. Equitable moved to dismiss Global One's claims against it for failure to state a claim. For the reasons set forth below, the Court grants the motion (ECF No. 20) as to Global One's declaratory judgment claim but otherwise denies it.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Global One alleges the following facts in support of its claims, which the Court accepts as true for purposes of the pending motion. Global One is a specialty lender that provides commercial loans to trusts to fund the purchase of life insurance products. Global One loaned money to two trusts—the Sadhana Patel Irrevocable Trust ("Sadhana Trust"), whose trustee is Dinesh Patel, and the Dinesh Patel Irrevocable Trust ("Dinesh Trust"), whose trustee is

Sadhana Patel. The loan proceeds were used to purchase two life insurance policies issued by Equitable Holdings, Inc. for the benefit of the trusts and their beneficiaries. Global One made all premium payments on the policies directly to Equitable, and neither trust paid any premiums on the policies.

The trusts, as owners of the insurance policies, assigned the policies as collateral for the loans and executed collateral assignments in favor of Global One using a form prepared by Equitable. Under the assignment agreements, the insureds granted to Global One all claims, options, privileges, rights, title, and interest in the policies, except for certain specific rights that do not apply here. Global One's rights include the sole right to collect and receive all distributions from the policies and the sole right to surrender the policies and receive their surrender value. The assignments authorize Equitable to recognize Global One's rights based on the assignments, they state that checks for sums payable under the policies are to be drawn to Global One, and they state that premiums paid by Global One are part of the liabilities secured by the collateral assignment agreements. Equitable received the collateral assignment forms executed by the trusts, then sent Global One letters acknowledging the collateral assignments and stating that Equitable had recorded the collateral assignments.

The Dinesh Trust defaulted on its loan with Global One, and Global One surrendered the Dinesh Trust's policy. When Equitable processed the surrender, it paid $141,268.59 to Global One as the policy's surrender value, and it paid the Dinesh Trust $69,379.23 as unaccepted premium payments. Equitable also paid the Sadhana Trust $93,357.46 as unaccepted premium payments. Neither trust made any premium payments on the policies; all premium payments were made by Global One, and Global One contends that it—not the trusts—should have received the unaccepted premium payments. Global One demanded that Equitable, the trusts, and the Patels return the funds, but the funds have not been returned. Global One asserts claims against Equitable for breach of contract and conversion. Global One also seeks a declaration that the collateral assignments and other loan documents establish that Global One has a first-priority security interest in any unapplied premium payments for other borrowers/insureds.

## DISCUSSION

Equitable claims that all of Global One's claims against it fail. The Court addresses each claim in turn.

### I. The Breach of Contract Claim

Equitable argues that the breach of contract claim against it should be dismissed because it is not a party to any of the contracts that were allegedly breached. Specifically, Equitable contends that Global One's contract claim against it is based

solely on a breach of the collateral assignment agreements, but Equitable is not a party to those agreements.

Under Georgia law, a life insurance policy may be assigned by "an assignment executed by the policy owner . . . and delivered to the insurer." O.C.G.A. § 33-24-17. Equitable acknowledges that the collateral assignment agreements allow Global One to step into the trusts' shoes under the Equitable policies. And, an "assignment shall entitle the insurer to deal with the assignee as the owner or pledgee of the policy in accordance with the terms of the assignment[.]" *Id.* Global One contends that by confirming and recording the collateral assignments, Equitable assented to the assignments, acknowledged Global One as the policies' owner, and agreed to deal with Global One as the owner of the policies. Global One further alleges that by confirming the assignments and recording the collateral assignments, Equitable acknowledged a duty under the policies to pay certain funds to Global One, not the trusts, including any refund of premiums that had been paid by Global One—as reflected by Equitable's conduct in remitting the surrender value of the Dinesh Trust's policy to Global One. Global One has sufficiently alleged that Equitable was a party to the assignment which placed it in privity of contract with Global One. Global One has also adequately alleged that Equitable breached its contractual duty under the assignment. Accordingly, the motion to dismiss this claim is denied.

5

## II. The Declaratory Judgment Claim

In addition to its breach of contract claim, Global One asserts a claim for declaratory judgment, seeking a declaration that the collateral assignments and the trusts' loan documents establish that Global One has a first-priority interest in unapplied premium payments from Equitable. Global One contends that Equitable wrongfully denied the validity of the collateral assignments as to the trusts in this action, that in doing so Equitable "engaged in anticipatory repudiation" of collateral assignments executed by other borrowers in favor of Global One, and that it is thus at risk of loss on "all premium financed contracts with Equitable." Am. Compl. ¶¶ 74-80.

For there to be jurisdiction to issue a declaratory judgment, a plaintiff "must assert a reasonable expectation that the injury [it] suffered will be repeated in the future." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1358 (11th Cir. 2021) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)) (finding no Article III standing for declaratory judgment action because the plaintiff's only allegation of potential future injury rested on the off chance that the plaintiff might total a car in the future and still be insured by the same insurance company under a similar policy being interpreted a similar way). Here, even taking Global One's allegations as true and drawing all reasonable inferences in Global One's favor, Global One does not

allege any facts to suggest that it has a reasonable expectation that the injury it allegedly suffered here – Equitable's refund of unapplied premiums to the wrong party – will be repeated in the future. Rather, the allegations focus only on the two refunds to the Patel trusts instead of to Global One. There are no factual allegations suggesting that a similar pattern has been or will be repeated in other substantially similar cases involving a collateral assignment agreement like the ones at issue here. Under these circumstances, the Court finds that Global One has not adequately alleged a factual basis to support a reasonable expectation that the injury it suffered will be repeated in the future. Accordingly, the present complaint does not establish that Global One has standing to pursue its declaratory judgment claim, and the claim is dismissed.

### III. The Conversion Claim

In addition to its other claims, Global One asserts a claim against Defendants for conversion. This claim is an alternative claim to the breach of contract claim; Global One contends that if its contract claim against Equitable fails for lack of an enforceable contract (as Equitable argues it should), then it may seek to recover on a conversion theory. Equitable contends that because money generally is not the type of property that is subject to a conversion action and because it no longer has possession of the funds, Global One's conversion claim against it fails.

7

As the parties acknowledge, conversion generally "consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." *Cap. Fin. Servs. Grp., Inc. v. Hummel*, 721 S.E.2d 108, 110 (Ga. Ct. App. 2011). A secured creditor "has a right of action for conversion if property subject to its security interest *is disposed of without the creditor's authorization*." *Trey Inman & Assocs., P.C. v. Bank of Am., N.A.*, 702 S.E.2d 711, 716 (Ga. Ct. App. 2010) (quoting *William Goldberg & Co. v. Cohen*, 466 S.E.2d 872, 883 (Ga. Ct. App. 1995)). So if a secured creditor has a valid security interest in the debtor's property (including specific, identifiable funds) and there is a disposition of that property without the creditor's authorization that results in damage to the creditor, then the creditor may pursue a conversion action against the party that disbursed the funds without authorization. That is the type of conversion claim Global One alleges here. The Court finds that those allegations state a claim under Georgia law, and thus Equitable's motion to dismiss that claim is denied.[1]

---

[1] Equitable argues that if the conversion claim is dismissed, then Global One's payments for punitive damages and attorney's fees under O.C.G.A. § 13-6-11 should be dismissed because Global One did not state a viable tort claim. But the Court declines to dismiss the conversion claim, and Equitable did not offer another basis for dismissing the requests for punitive damages and O.C.G.A. § 13-6-11 expenses at this stage in the litigation, so those issues remain in the case.

CONCLUSION

For the reasons set forth above, the Court grants Equitable's motion to dismiss (ECF No. 20) as to the declaratory judgment claim but otherwise denies it. The Court will enter a separate Rules 16/26 Order to set deadlines for the parties to confer and develop a proposed discovery plan. The Patel Defendants filed an amended answer, so their motion for an extension of time to amend their answer (ECF No. 37) appears to be moot and shall be terminated.

IT IS SO ORDERED, this 13th day of May, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA