**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

|  |  |
|---|---|
| **GLOBAL ONE FINANCIAL, A DIVISION OF SYNOVUS BANK,** ) | Case No. 4:23-cv-00164-CDL |
| ) | |
| Plaintiff, ) | **DEFENDANT EQUITABLE HOLDINGS,** |
| v. ) | **INC.'S ANSWER AND AFFIRMATIVE** |
| ) | **DEFENSE TO PLAINTIFF'S FIRST** |
| **EQUITABLE HOLDINGS, INC., DBA** ) | **AMENDED COMPLAINT** |
| **EQUITABLE FINANCIAL INSURANCE** ) | |
| **COMPANY, DINESH H. PATEL, in his** ) | |
| **capacity as Trustee of the SADHANA** ) | |
| **PATEL IRREVOCABLE TRUST;** ) | |
| **DINESH H. PATEL, individually;** ) | |
| **SADHANA D. PATEL, in her capacity as** ) | |
| **Trustee of the DINESH PATEL** ) | |
| **IRREVOCABLE TRUST; and SADHANA** ) | |
| **D. PATEL, individually,** ) | |
| ) | |
| Defendants. ) | |

Defendant Equitable Holdings, Inc. ("Equitable"), by and through its undersigned counsel, hereby answers the First Amended Complaint filed by Plaintiff Global One Financial ("Global One"):

## EQUITABLE HOLDINGS, INC.'S ANSWER

### SUMMARY OF THE ACTION

1.      Global One is a specialty, asset-based lending division of Synovus Bank that collateralizes loans with life insurance and annuity products. Global One routinely provides commercial loans to businesses or trusts to fund the purchase of annuity and life insurance products. These loans are then secured by, among other assets, security interests in and collateral assignments of the purchased policies and annuity contracts. This fact pattern generally summarizes Global One's relationship with Defendants.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the**

truth of the allegations in this paragraph, and they are therefore denied.

2.      Global One made separate loans to the Trusts. The loan proceeds were used to purchase two life insurance policies issued by Equitable for the benefit of the Trusts and their respective beneficiaries. Pursuant to the loans, Global One paid the loan proceeds directly to Equitable on behalf of the Trusts to fund the premiums on the policies. To secure repayment and performance of the Trusts' obligations, the loans also provide that the Trusts granted and Global One acquired a first priority security interest in, among other things, the policies and all proceeds related thereto. To effectuate the perfection of these security interests, the Trusts, as the owners of the policies, executed collateral assignments for the benefit of Global One. Equitable acknowledged receipt of and recorded these collateral assignments, thereby creating a contractual relationship between the parties thereto, including Equitable.

**ANSWER:   Admitted in part, denied in part.   Equitable admits that it recorded Assignment of Life Insurance Policy as Collateral forms related to the policies at issue in this lawsuit.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.**

3.      The Dinesh Trust later defaulted on its loan, and Global One surrendered the Dinesh Trust's policy to Equitable pursuant to the acknowledged and recorded collateral assignment. After processing the surrender, however, Equitable did not pay the appropriate amount of funds to which Global One is entitled under the collateral assignment. After attempting to resolve this matter without litigation, Global One was forced to commence this action to recover these funds.

**ANSWER:   Equitable  denied that it did not pay the appropriate amount of funds to which Global One is entitled under the collateral assignment.  Equitable lacks knowledge**

or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

### PARTIES, JURISDICTION & VENUE

4.      Global One is a division of Synovus Bank, a state-chartered bank organized under the laws of the State of Georgia, and Synovus Bank's principal place of business is located at 1111 Bay Avenue, Columbus, Georgia, 31901.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

5.      Equitable is a corporation formed according to the laws of the state of Delaware.

**ANSWER:    Admitted.**

6.      The Sadhana Trust is a trust formed according to the laws of the state of New Jersey, with Mr. Patel serving as trustee. Mr. Patel may be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

7.      Ms. Patel is the personal guarantor of the Sadhana Trust Note (as hereinafter defined) to the extent set forth in the guaranty described herein.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

8.      Upon information and belief, Ms. Patel is a resident of the state of New Jersey and may be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

9.      The Dinesh Trust is a trust formed according to the laws of the state of New Jersey, with Ms. Patel serving as trustee. Ms. Patel, in her capacity as trustee, may also be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

10.     Mr. Patel is the personal guarantor of the Dinesh Trust Note (as hereinafter defined) to the extent set forth in the guaranty described herein.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

11.     Upon information and belief, Mr. Patel is a resident of the state of New Jersey and may also be served with process at 7306 Dane Court, North Bergen, New Jersey, 07047.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

12.     This Court has personal jurisdiction over Defendants and venue is proper in this Court because Defendants are subject to the personal jurisdiction of this Court under the provisions of the Georgia "Long Arm" Statute as set forth in O.C.G.A. § 9-10-91 because Defendants conducted business in Georgia with a Georgia entity in connection with the Loan Documents (as hereinafter defined).

**ANSWER:    Admitted in part, denied in part.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as the relate to defendants other than Equitable, and they are therefore denied.  The remaining allegations are admitted.**

13.     This Court also has personal jurisdiction over the Sadhana Trust and the Dinesh Trust and the Patels, individually, and venue is proper in this Court because they have contractually submitted to the jurisdiction and venue of this Court in accordance with Paragraph 10(b) of the Sadhana Note and the Dinesh Note (as hereinafter defined) and the Sadhana Guaranty and the Dinesh Guaranty (as hereinafter defined).

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

14.     This Court has original jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

**ANSWER:    Admitted.**

## GENERAL ALLEGATIONS

### A.    The Sadhana Trust Loan

15.     On December 18, 2020, Global One and the Sadhana Trust entered into a Promissory Note and Security Agreement ("Sadhana Trust Note") pursuant to which Global One loaned $3,500,000.00 to the Sadhana Trust to fund the Sadhana Trust's acquisition of a life insurance policy ("Sadhana Trust Policy") underwritten and issued by Equitable.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

16.     The face amount of the Sadhana Trust Policy is $8 million.

**ANSWER:    Admitted that Policy No. 170305182 issued by Equitable Financial Life Insurance Company has a face amount of $8 million.**

17.     To secure repayment and performance of the Sadhana Trust's obligations under the Sadhana Trust Note, §§ 1(a) and 4(a), in conjunction with other sections, of the Sadhana

Trust Note provide that the Sadhana Trust granted and Global One acquired a first priority security interest in, among other things, the Sadhana Trust Policy and all proceeds related thereto.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

18.    On February 25, 2021, the Sadhana Trust Note was amended ("Amendment No. 1") to increase the loan amount to $3,523,342.00.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

19.    Pursuant to the Sadhana Trust Note, as amended, on March 1, 2021, the Sadhana Trust, executed an Assignment of Life Insurance Policy as Collateral ("Sadhana Trust Collateral Assignment") on a form prepared and approved by Equitable for the benefit of Global One.

**ANSWER:    Admitted in part, denied in part.  Equitable admits that the form titled "ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL" is an Equitable form.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.**

20.    On December 21, 2020, Ms. Patel executed a Guaranty with respect to the Sadhana Trust Note ("Sadhana Trust Guaranty"), whereby as a material inducement for Global One to enter into the Sadhana Trust Note, Ms. Patel agreed to personally guarantee all obligations under the Sadhana Trust Note, including any fees and expenses related thereto.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

21.    Section 7(a) of the Sadhana Trust Note provides:

A "Default" shall exist if any of the following occurs … (a) Failure of the Borrower to make any payment or any amount payable when due, whether constituting principal or interest or other amount, on any of the Liabilities, whether at maturity, or at a date fixed for any payment or partial prepayment, or by acceleration, or otherwise.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

22.    The Sadhana Trust Note, Amendment No. 1, the Sadhana Trust Collateral Assignment, the Sadhana Trust Guaranty and other related documentation, are collectively referred to herein as the "Sadhana Trust Loan Documents".

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

23.    True and correct copies of the Sadhana Trust Loan Documents are attached hereto as Exhibit A and are incorporated herein by reference.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

24.    As confirmed by the Life Insurance Assignment Confirmation ("Sadhana Trust Assignment Confirmation") attached hereto as Exhibit B, the Sadhana Trust Collateral Assignment was acknowledged, recorded and filed by Equitable on March 12, 2021.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

25.    The Sadhana Trust Policy is a premium financed policy, and pursuant to the Sadhana Trust Loan Documents, Global One has and continues to advance the premium payments directly to Equitable.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the**

7

truth of the allegations in this paragraph, and they are therefore denied.

26.    The Sadhana Trust has never paid any of the premiums on the Sadhana Trust Policy because those amounts are directly funded by Global One.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

**B.    The Dinesh Trust Loan**

27.    On February 25, 2021, Global One and the Dinesh Trust entered into a Promissory Note and Security Agreement ("Dinesh Trust Note") pursuant to which Global One loaned $2,508,519.00 to the Dinesh Trust to fund the Dinesh Trust's acquisition of a life insurance policy ("Dinesh Trust Policy") underwritten and issued by Equitable.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

28.    The face amount of the Dinesh Trust Policy is $4 million.

**ANSWER:    Admitted that Policy No. 171300508 issued by Equitable Financial Life Insurance Company has a face amount of $4 million.**

29.    To secure repayment and performance of the Dinesh Trust's obligations under the Dinesh Trust Note, §§ 1(a) and 4(a), in conjunction with other sections, of the Dinesh Trust Note provide that the Dinesh Trust granted and Global One acquired a first priority security interest in, among other things, the Dinesh Trust Policy and all proceeds related thereto.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

30.    Pursuant to the Dinesh Trust Note, on March 1, 2021, the Dinesh Trust, as the owner of the Dinesh Trust Policy, executed an Assignment of Life Insurance Policy as Collateral

("Dinesh Trust Collateral Assignment," and together with the Sadhana Trust Collateral Assignment, "Collateral Assignments") on a form prepared and approved by Equitable for the benefit of Global One.

**ANSWER:    Admitted in part, denied in part.    Equitable admits that the form titled "ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL" is an Equitable form.    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.**

31.    On March 1, 2021, Mr. Patel executed a Guaranty with respect to the Dinesh Trust Note ("Dinesh Trust Guaranty," and together with the Sadhana Guaranty, "Guaranties"), whereby as a material inducement for Global One to enter into the Dinesh Trust Note, Mr. Patel agreed to personally guarantee all obligations under the Dinesh Trust Note, including any fees and expenses related thereto.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

32.    Section 7(a) of the Dinesh Trust Note provides:

> A "Default" shall exist if any of the following occurs … (a) Failure of the Borrower to make any payment or any amount payable when due, whether constituting principal or interest or other amount, on any of the Liabilities, whether at maturity, or at a date fixed for any payment or partial prepayment, or by acceleration, or otherwise.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

33.    The Dinesh Trust Note, the Dinesh Trust Collateral Assignment, the Dinesh Trust Guaranty and other related documentation are collectively referred to herein as the "Dinesh Trust Loan Documents".

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

34.    True and correct copies of the Dinesh Trust Loan Documents are attached hereto as Exhibit C and are incorporated herein by reference.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

35.     As confirmed by the Life Insurance Assignment Confirmation ("Dinesh Trust Assignment Confirmation," and together with the Sadhana Trust Assignment Confirmation, "Assignment Confirmations") attached hereto as Exhibit D, the Dinesh Trust Collateral Assignment was acknowledged, recorded and filed by Equitable on March 17, 2021.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

36.    The Dinesh Trust Policy is a premium financed policy, and pursuant to the Dinesh Trust Loan Documents, Global One has and continues to advance the premium payments directly to Equitable.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

37.    The Dinesh Trust has never paid any of the premiums on the Dinesh Trust Policy because those amounts are directly funded by Global One.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

### C.    The Dinesh Trust Default And Surrender

38.    In November 2022 and January 2023, the Dinesh Trust defaulted on its loan with Global One by failing to deliver required interest payments and collateral to Global One.

**ANSWER:    Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.**

39.    As a result, on February 8, 2023, Global One surrendered the Dinesh Trust Policy to Equitable pursuant to the Dinesh Trust Collateral Assignment and the Dinesh Trust Assignment Confirmation.

**ANSWER:    Admitted, upon information and belief.**

40.    After processing the surrender, however, Global One learned that Equitable did not pay the appropriate amount to which Lender is entitled under the Dinesh Trust Policy, the Dinesh Trust Note, the Dinesh Trust Collateral Assignment and the Dinesh Trust Assignment Confirmation. Global One received $141,268.59, but should have received an additional $69,379.23. Global One then learned that Equitable had improperly remitted the $69,379.23 to the Dinesh Trust and that Equitable had separately and improperly remitted an additional $93,357.46 to the Sadhana Trust. The improperly remitted funds ("Outstanding Amount") totaled $162,736.70, all of which should have been paid to Global One, not the Trusts, pursuant to the Dinesh Trust Loan Documents, the Sadhana Trust Loan Documents and the Assignment Confirmations.

**ANSWER:    Denied.**

41.    Equitable claims Global One is not entitled to the Outstanding Amount because Equitable has already refunded it via a $69,379.23 payment to the Dinesh Trust and a separate $93,357.46 payment to the Sadhana Trust.

**ANSWER:    Admitted.**

42.    Despite the fact that Global One, not the Trusts, paid all the premiums on the Sadhana Trust Policy and the Dinesh Trust Policy, Equitable wrongfully claims that the $69,379.23 and the $93,357.46 payments were appropriately sent to the Trusts as unaccepted premium payments.

**ANSWER:    Denied.**

43.    Equitable did not provide Global One with any notice of the allegedly unaccepted premium payments before the payments were made to the Trusts. Global One learned of the payments only after the surrender and when it contacted Equitable about the Outstanding Amount.

**ANSWER:    Admitted, upon information and belief.**

44.    Global One has demanded that Equitable, the Trusts and the Patels return the amounts paid to the Trusts by paying Global One the Outstanding Amount.

**ANSWER:    Admitted as to Equitable.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants, and they are therefore denied.**

45.    Equitable, the Trusts and the Patels have not returned the funds or paid the Outstanding Amount.

**ANSWER:    Admitted as to Equitable.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants, and they are therefore denied.**

## COUNT I – BREACH OF CONTRACT AGAINST EQUITABLE

46.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:    Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

47.    The Collateral Assignments together with the Assignment Confirmations recorded and acknowledged by Equitable constitute valid, binding and enforceable contracts between Global One and Equitable.

**ANSWER:    This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

48.    The Collateral Assignments are, in fact, Equitable's form documents, which Equitable has executed by premium finance lenders and borrowers for all or substantially all premium financed contracts.

**ANSWER:    Denied as stated.  Equitable admits that the form titled "ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL" is an Equitable form, but denies this paragraph to the extent the term "Collateral Assignments," as used by Plaintiff, refers to any document other than that Equitable Form.  Equitable denies the remaining allegations of this paragraph.**

49.    In accordance with the Collateral Assignments, Global One has a security interest in and lien on "all claims, options, privileges, rights, titled and interest" under the Sadhana Trust Policy and the Dinesh Trust Policy, including "without detracting from the generality of the

foregoing," the "sole right to collect and receive all distributions" from the policies and the "sole right to surrender" the policies and "receive the surrender value thereof."

**ANSWER:    This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

50.    The Collateral Assignments also provide that "[c]hecks for all or any part of the sums payable" under the Sadhana Trust Policy and the Dinesh Trust Policy "shall be drawn to the exclusive order of" Global One.

**ANSWER:    This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

51.    The Collateral Assignments also establish the order of priority – or waterfall of payment – by requiring that "any balance of sums received hereunder from the insurer remaining after payment of then existing Liabilities, matured or unmatured, shall be by the Assignee to the persons entitled thereto under the terms" of the Sadhana Trust Policy and the Dinesh Trust Policy "had this assignment not been executed."

**ANSWER:    This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

52.    In accordance with the Collateral Assignments, until Global One is paid in full, which it has not been, no monies should be or have been paid to the Trusts.

**ANSWER:    This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this**

paragraph.

53.    The rights reserved for the Trusts in the Collateral Assignments do not include a right to receive monies from the policies or premiums paid by Global One.

**ANSWER**:    **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

54.    In accordance with the Collateral Assignments, Global One should have received notice from Equitable of the allegedly unaccepted premium payments and before the payments were made to the Trusts.

**ANSWER**:    **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

55.    Equitable has breached the terms of the Collateral Assignments and Global One has suffered damages in excess of the Outstanding Amount.

**ANSWER**:    **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

### COUNT II – BREACH OF CONTRACT AGAINST THE TRUSTS

56.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    **Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

57. The Sadhana Trust Note and the Dinesh Trust Note together with the Collateral Assignments constitute valid, binding and enforceable contracts between Global One and are contracts supported by valid consideration.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

58. The Trusts duly executed the Sadhana Trust Note, the Dinesh Trust Note, the Collateral Assignments and the related loan documents.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

59. The Trusts are parties to the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments and owe certain enumerated contractual duties to Global One.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

60. In accordance with the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments, Global One has a security interest in and lien on "all claims, options, privileges, rights, titled and interest" under the Sadhana Trust Policy and the Dinesh Trust Policy, including "without detracting from the generality of the foregoing," the "sole right to collect and receive all distributions" from the policies and the "sole right to surrender" the policies and "receive the surrender value thereof."

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

61.    The Collateral Assignments also provide that "[c]hecks for all or any part of the sums payable" under the Sadhana Trust Policy and the Dinesh Trust Policy "shall be drawn to the exclusive order of" Global One.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

62.    The Collateral Assignments also establish the order of priority – or waterfall of payment – by requiring that "any balance of sums received hereunder from the insurer remaining after payment of then existing Liabilities, matured or unmatured, shall be by the Assignee to the persons entitled thereto under the terms" of the Sadhana Trust Policy and the Dinesh Trust Policy "had this assignment not been executed."

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

63.    In accordance with the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments, until Global One is paid in full, which it has not been, no monies should be or have been paid to the Trusts.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

64.    The rights reserved for the Trusts in the Collateral Assignments do not include a right to receive monies from the policies or premiums paid by Global One.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

65.    The Trusts have breached the terms of the Sadhana Trust Note, the Dinesh Trust Note and the Collateral Assignments and Global One has suffered damages in excess of the Outstanding Amount.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

**COUNT III – THE PATELS BREACH OF CONTRACT UNDER THE GUARANTIES**

66.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:**    **Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

67.    The Guaranties are contracts supported by valid consideration.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

68.    The Patels duly executed the Guaranties.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

69.    The Patels are parties to the Guaranties and owe certain enumerated contractual duties to Global One under the Guaranties, including the duty to pay any and all amounts owing under or related to the Sadhana Trust Note and the Dinesh Trust Note, including the respective portions of the Outstanding Amount received by the Sadhana Trust and the Dinesh Trust (such amounts, the "Guaranteed Obligations"), irrespective of whether Global One attempts to collect any of the Guaranteed Obligations from Equitable or the Sadhana Trust or the Dinesh Trust first.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

70.    The Patels are personally liable to Global One for the Guaranteed Obligations.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

71.    To date, the Patels have made no effort to satisfy the outstanding Guaranteed Obligations pursuant to the Guaranties.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

72.    The Patels are personally liable for the full amount of the Guaranteed Obligations.

**ANSWER**:    The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.

### COUNT IV – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

73.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:    Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

74.    Equitable has wrongfully disputed, among other things: (a) that it is even bound by the Collateral Assignments, which are its form documents; (b) the validity of the Collateral Assignments; (c) Global One's security interests in the Sadhana Trust Policy and the Dinesh Trust Policy; (d) the order of priority of payments under the Sadhana Trust Policy and the Dinesh Trust Policy; (e) Global One's entitlement to the Dinesh Trust Policy surrender proceeds; and (f) Global One's entitlement to be refunded for unaccepted, excess or otherwise unapplied premium payments.

**ANSWER:    Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

75.    Equitable has engaged in anticipatory repudiation of the Collateral Assignments and other collateral assignments between it and Global One related to other borrowers.

**ANSWER:    Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not**

**require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

76.    The Trusts and the Patels have not returned the funds improperly paid to the Trusts or paid the Outstanding Amount despite Global One's demands.

**ANSWER:  Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

77.    Thus, an actual, legal controversy has arisen between Defendants and Global One relating to the above.

**ANSWER:  Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

78.    This bona fide controversy necessitates a determination by this Court concerning this dispute to protect Global One rights and entitlements in the Collateral Assignments and the Sadhana Trust Note and the Dinesh Trust Note.

**ANSWER:  Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

79.    Global One seeks a declaration that the Collateral Assignments and the Sadhana Trust Note and the Dinesh Trust Note establish that Global One has a first priority security

interest in unaccepted, excess or otherwise unapplied premium payments and that it is entitled to be refunded directly for these premium payments whenever they exist.

**ANSWER:    Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

80.    Without a declaration of its rights under Global One's collateral assignments with Equitable, Global One is at material risk of loss on all premium financed contracts with Equitable.

**ANSWER:    Count IV of Plaintiff's First Amended Complaint has been dismissed pursuant to this Court's Order and Opinion dated May 13, 2024 and therefore do not require a response.  To the extent a response is required, the allegations of this paragraph are denied.**

### COUNT V – CONVERSION AGAINST ALL DEFENDANTS

81.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:    Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

82.    Pursuant to the Sadhana Trust Note, the Dinesh Trust Note, the Collateral Assignments and the Assignment Confirmations, Global One has a valid security interest in and is entitled to the funds that were possessed by Equitable and wrongfully paid by Equitable to the Trusts.

**ANSWER**:    **This paragraph state a legal conclusion to which no answer is required.  To**

the extent that an answer is required, Equitable denies the allegations contained in this paragraph.

83.     Global One has demanded that Defendants return the funds.

**ANSWER:     Admitted as to Equitable.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants, and they are therefore denied.**

84.     Defendants have refused to return the funds.

**ANSWER:     Admitted as to Equitable.  Equitable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they relate to other defendants, and they are therefore denied.**

85.     Equitable and the Trusts converted the funds, the Patels are also liable therefor in accordance with the Guaranties, and Global One has suffered damages in excess of the Outstanding Amount.

**ANSWER**:     **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

### COUNT VI – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

86.     Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:     Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

87.     Through its actions, Defendants have shown willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**ANSWER**:     **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

88.     Global One is entitled to punitive damages.

**ANSWER**:     **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

## COUNT VII – ATTORNEYS' FEES AND COSTS PURSUANT TO O.C.G.A. § 13-6-11 AGAINST ALL DEFENDANTS

89.     Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:**     **Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

90.     Defendants have acted in bad faith, have caused Global One the unnecessary trouble and expense of filing this lawsuit and have been stubbornly litigious within the meaning of O.C.G.A. § 13-6-11.

**ANSWER**:     **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

91.     Defendants liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees and costs.

**ANSWER**:    **This paragraph state a legal conclusion to which no answer is required.  To the extent that an answer is required, Equitable denies the allegations contained in this paragraph.**

### COUNT VIII – RECOVERY OF ATTORNEYS' FEES FROM THE TRUSTS

92.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:    Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

93.    The Sadhana Trust Loan Documents and the Dinesh Trust Loan Documents provide that Global One is entitled to recover the costs and expenses of litigation thereunder, including, without limitation, reasonable attorneys' fees.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

94.    Through a letter sent to the Trusts by Global One on November 3, 2023 demanding the return of the funds improperly paid to the Trusts by Equitable, the Trusts were provided adequate notice pursuant to O.C.G.A. § 13-1-11 for Global One to recover its reasonable attorneys' fees.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

95.    The Trusts did not remit payment within ten days or at any time thereafter, which, pursuant to O.C.G.A. § 13-1-11, entitles Global One to its reasonable attorneys' fees.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

96.    The Trusts are liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

<strong>COUNT IX – RECOVERY OF ATTORNEYS' FEES FROM THE PATELS</strong>

97.    Global One realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

**ANSWER:** **Equitable incorporates its responses to all of the allegations contained in the preceding paragraphs as if fully set forth herein.**

98.    The Guaranties provides that Global One is entitled to recover the costs and expenses of litigation thereunder, including, without limitation, reasonable attorneys' fees.

**ANSWER**: **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable. To the extent a response is required, the allegations of this paragraph are denied.**

99.    Through a letter sent to the Patels by Global One on November 3, 2023 demanding the return of the funds improperly paid to the Trusts by Equitable, the Patels were provided adequate notice pursuant to O.C.G.A. § 13-1-11 for Global One to recover its reasonable attorneys' fees.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

100.    The Patels did not remit payment within ten days or at any time thereafter, which, pursuant to O.C.G.A. § 13-1-11, entitles Global One to its reasonable attorneys' fees.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

101.    The Patels are liable to Global One for all of its reasonable litigation expenses, including, without limitation, reasonable attorneys' fees.

**ANSWER**:    **The allegations of this paragraph are related to a claim directed against another defendant and therefore do not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

## RESERVATION OF RIGHTS

102.    Global One reserves all rights under the Sadhana Trust Loan Documents, the Dinesh Trust Loan Documents and the other contracts and documents referred to herein to pursue any other remedies provided thereunder and to amend or supplement its pleadings in this action as new information becomes available.

**ANSWER**:    **The foregoing reservation of rights is not an allegation of fact and therefore does not require a response from Equitable.  To the extent a response is required, the allegations of this paragraph are denied.**

## EQUITABLE HOLDINGS INC.'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, because the damages sought therein were caused or contributed to by the actions, negligence, and breached duties of parties other than Equitable, including other parties in this case.

### Second Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, because Plaintiff's alleged damages, if any, were not actually or proximately caused by the purported actions of Equitable.

### Third Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or equitable estoppel.

### Fourth Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, because its alleged damages, if any, were actually or proximately caused by Plaintiff's own actions.

### Fifth Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, by its failure to mitigate its alleged damages, if any.

### Sixth Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, because it seeks damages that are not recoverable as a matter of law.

### Seventh Affirmative Defense

Plaintiff's First Amended Complaint is barred, in whole or in part, because it has not exhausted all remedies before filing it.

Equitable expressly reserves to assert any and all unaccrued claims, including claims for contribution against other parties, unless or until a judgment against Equitable is entered in the case.

WHEREFORE, Equitable demands judgment dismissing Plaintiff's First Amended Complaint, together with costs and such other relief, including Equitable's own attorney's fees, as the Court deems just and proper.

Respectfully submitted,

Dated:  June 3, 2024

FAEGRE DRINKER BIDDLE & REATH LLP

*Attorneys for Defendant Equitable Holdings, Inc.*

By:   /s/ Mark W. Phillips
Mark W. Phillips (Ga. Bar. No. 576436)
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel:  (202) 230-5133
Fax:  (202) 842-8465
mark.phillips@faegredrinker.com

John Bloor (*pro hac motion to be filed*)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-2700
Fax: (215) 988-2757
john.bloor@faegredrinker.com

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Phillips, hereby certify that, on June 3, 2024, I caused a true and correct copy of the foregoing to be served on all parties by electronically filing the same through PACER.:

  /s/ Mark W. Phillips
Mark W. Phillips

*Attorney for Defendant*