IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

GLOBAL ONE FINANCIAL,　　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　*
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　　Case No.: 4:23-cv-164 (CDL)
　　　　　　　　　　　　　　　　*
EQUITABLE HOLDINGS, INC., *et al.*,　*
　　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　*
_____
GLOBAL ONE FINANCIAL,　　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　*
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　　Case No.: 4:24-cv-051 (CDL)
　　　　　　　　　　　　　　　　*
TEJAS MODI, Individually and as　*
Trustee of the Pinali Modi　　　*
Irrevocable Trust, *et al.*,　　　*
　　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　*

**JUDGMENT**

The following JUDGMENT is hereby entered pursuant to the Order [ECF No. 123] of this

Court filed March 20, 2026, and for the reasons stated therein.

**I.　　Claims Filed By And Against Plaintiff Global One Financial**

JUDGMENT is hereby entered in favor of Plaintiff Global One Financial ("Global One"):

(1)　　as to its breach of contract claims against the Defendants in case No. 4:23-cv-164

and case No. 4:24-cv-51, and as to all claims asserted against it by any and all of the Defendants

in case No. 4:23-cv-164 and case No. 4:24-cv-51;

(2)　　in case No. 4:23-cv-164, Global One shall recover $162,736.70 in damages, plus

$36,832.74 in prejudgment interest, jointly and severally, against Defendants: (a) Equitable

Holdings, Inc. ("Equitable"); and (b) Dinesh H. Patel, in his capacity as Trustee of the Sadhana Patel Irrevocable Trust, Dinesh H. Patel, individually, Sadhana D. Patel, in her capacity as Trustee of the Dinesh Patel Irrevocable Trust, and Sadhana D. Patel, individually (collectively, "Patel Defendants");

(3)     in case No. 4:23-cv-164, Global One shall recover $16,298.67 for attorneys' fees pursuant to its O.C.G.A. § 13-1-11 claims, jointly and severally, against the Patel Defendants;

(4)     post-judgment interest shall accrue on the judgment amounts set forth in sections (2) and (3) above until paid, calculated daily and compounded annually at the statutory rate defined in 28 U.S.C. § 1961;

(5)     in case No. 4:24-cv-51, Global One shall recover $672,815.62, plus $172,099.02 in prejudgment contractual interest, jointly and severally, against Defendants: (a) Dinesh H. Patel, in his capacity as Trustee of the Sadhana Patel Irrevocable Trust; (b) Dinesh H. Patel, individually; (c) Sadhana D. Patel, in her capacity as Trustee of the Dinesh Patel Irrevocable Trust; (d) Sadhana D. Patel, individually; (e) Tejas Modi, in his capacity as Trustee of the Pinali Modi Irrevocable Trust; (f) Tejas Modi, individually; (g) Pinali Modi, in her capacity as Trustee of the Tejas Modi Irrevocable Trust; and (h) Pinali Modi, individually (collectively, "Patel-Modi Defendants" or "Patel/Modi Parties");

(6)     in case No. 4:24-cv-51, Global One shall recover $84,516.47 for attorneys' fees pursuant to its O.C.G.A. § 13-1-11 claims, jointly and severally, against the Patel-Modi Defendants; and

(7)     post-judgment interest shall accrue on the judgment amounts set forth in sections (5) and (6) above until paid, calculated daily and compounded annually at the statutory rate defined in 28 U.S.C. § 1961.

(8)    Global One, as the prevailing party on its breach of contract claims against Defendants, may recover its costs of case No. 4:23-cv-164 and case No. 4:24-cv-51 from Defendants.  To recover such costs, Global One shall, in accordance with Local Rule 54.2, file a bill of costs stating the amount and allocation of these costs, and the Clerk of the Court may tax costs in accordance with Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.2, and 28 U.S.C. § 1920.

## II.    Crossclaims Filed Against Defendant Equitable

JUDGMENT is hereby entered in favor of Defendant Equitable as follows:

(1)    as to any and all crossclaims asserted against it by the Patel-Modi Defendants; and

(2)    as to Global One's punitive damages claim against it.

(3)    Equitable, as the prevailing party on the crossclaims asserted against it by the Patel-Modi Defendants, may recover its costs related to the defense of those crossclaims in case No. 4:23-cv-164 and case No. 4:24-cv-51 from the Patel-Modi Defendants.  Equitable may not recover costs related to its defense of Global One's claims in those cases.  To recover costs, Equitable shall, in accordance with Local Rule 54.2, file a bill of costs stating the amount and allocation of these costs, and the Clerk of the Court may tax costs in accordance with Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.2, and 28 U.S.C. § 1920.

## III.    The Patel/Modi Parties' Third Party Claims Against Chander Goel And Stefania Zois

Based on the default by Thid-Party Defendants Chander Goel ("Goel") and Stefania Zois ("Zois"), JUDGMENT[1] is hereby entered in favor of the Patel/Modi Parties as follows:

(1)    as to all third-party claims against Goel and Zois in case No. 4:23-cv-164 and case

---

[1] These default judgment findings are restricted to Chander Goel and Stefania Zois and are not binding in any way that could be prejudicial to Global One or Equitable.

No. 4:24-cv-51;

(2)     in case No. 4:23-cv-164 and case No. 4:24-cv-51, the Patel/Modi Parties shall recover $3,859,230.48 in compensatory damages, plus pre-judgment interest in the amount of $79,440.23, plus $246.71 in pre-judgment interest per day from August 11, 2025, until this judgment is entered, jointly and severally, against Goel and Zois;

(3)     Defendant Dinesh Patel, individually, is entitled to recover an additional $230,000.00 from Goel; and

(4)     the Patel/Modi Parties may seek reasonable attorney's fees and costs against Goel and Zois by filing a separate motion following the entry of this judgment.


IT IS SO ORDERED, this 23rd day of April, 2026.


S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

4